[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2010
JOHN LEY
CLERK

No. 09-14629
Non-Argument Calendar

_____

D. C. Docket No. 09-00139-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIMON CHAVEZ-MACIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 3, 2010)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Simon Chavez-Maciel appeals his 37-month within-guideline-range sentence imposed after he pleaded guilty to being an alien found in the United States after previous deportation and removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

Defendant, a native of Mexico, was deported on 3 June 2000, following a state conviction for a commercial burglary and multiple driving offenses (including driving under the influence). He was deported again on 4 August 2004, following multiple convictions for driving under the influence. On 1 August 2008, Immigration and Customs Enforcement agents encountered Defendant in the Gwinnett County Jail where he was being held following a 2007 conviction on a felony traffic charge. Defendant pleaded guilty to the single illegal re-entry count without a plea agreement. The district court calculated Defendant's guideline range to be 33 to 41 months; a sentence of 37 months was imposed.

Defendant challenges the substantive reasonableness of his sentence.[*] According to Defendant, the sentence imposed is substantively unreasonable because it is too harsh, so excessive that it is not just punishment, fails to reflect accurately the seriousness of the offense, is not tailored to individual punishment, serves no deterrent function, and violates the parsimony provision of section 3553.

_____

[*]No procedural-based challenge is advanced; Defendant acknowledged the procedural soundness of the sentence at his sentencing hearing.

We review the reasonableness of a sentence in the light of the factors set out in 18 U.S.C. § 3553(a). A deferential abuse of discretion standard governs our review. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging a sentence in the light of the record and the section 3553(a) factors bears the burden of establishing that a sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We do not deem a sentence within the advisory guidelines range per se reasonable, id. at 787; but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 788. Our deferential review for substantive reasonableness requires no consideration of each decision made during sentencing individually, see United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007); it requires a review only of the final sentence for reasonableness in the light of the section 3553(a) factors. Id.

It is clear from the record that the district court listened to Defendant's arguments in support of a below-guidelines-range sentence; it is also clear from the record that the district court considered the advisory-guideline range and the section 3553(a) factors to fashion a sentence that was reasonable, individually tailored to Defendant, and sufficient, but not greater than the district court deemed necessary, to comply with the statutory purposes of sentencing. Defendant fails to show that the sentence imposed is substantively unreasonable.

AFFIRMED.

3